UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IZEH MATTHEW,

Plaintiff,

-against-

ARROW SECRURITY, ET AL.,

Defendants.

23-CV-5179 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. Named as Defendants are "Arrow Secrurity," which the Court understands to be Arrow Security; "Secruritas Secrurity USA," which the Court understands to be Securitas Security USA; Garrison Protective Services; New York City Fire Chief John J. Hodgens; and former New York City Police Commissioner Keechant Sewell. Plaintiff may also be seeking to assert claims against his former attorney Illissa (or Lisa) Brownstein. By order dated June 26, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff, who is not incarcerated, submits his claims using the court's "Complaint for Violations of Civil Rights (Prisoner Complaint)" form to which he attaches additional documents. In response to the question on the form asking which of his federal constitutional or statutory rights were violated by state of local officials, Plaintiff writes,

> They all have violet my right to work and to function in the community of which I have no felony highly educated with a Master degree in Systems Engineering and a Phd in Robotic Engineering. A Veteran in the Department of the US NAVY with

> a Valid security Licences and A Valid driver Licences with a lot of Professional Certification and highly educated and strong in learning and metally stable with no psychatary dianosises. Good in the Mind and Head willing to work and give the best to the community[.][1]

(ECF 1, at 3.)

In his statement of claim, Plaintiff alleges,

> [Defendants] de[p]rive me from working messing up with me at my job with workers and reporting evil against me for doing nothing. Because I have never steal and I never rape any one but they keep reporting on me for evil of which I did not do to co-workers. [A]ll such cases are dismissed on Jury trial by the Judge clott at Manhattan Supreme Court . . . as seen as been attached to this filing proceed. From Now they should stop reporting any negativity to me, I am no facing any penalty of death . . . .[2]

(*Id.* at 4.)

Plaintiff alleges that a criminal case against him was dismissed on December 16, 2022, after a jury trial. He maintains that, since that case was dismissed, "it is required that the police officer and the fire officers should stay away from [him] and [his] legitimacy in the society as a Preacher and Scientist to the world[.]" (*Id.* at 5.) Unspecified individuals are depriving Plaintiff from working and "messing up with [him] at [his] job with workers and reporting evil against [him] for doing nothing." (*Id.*)

Plaintiff further alleges,

> I need my clain to be given to of the sum of $2million for all these injuries also on the Law suit filed by me on this attached case[3] by my Attorney Lisa Brownstein[4] should be paid to me immediately[.] . . . I requested a sermons also to my above Attorney to Pay me the requested money for the on going suit going over 6

[1] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

[2] The text of Plaintiff's statement of facts appears to be cut off at this point.

[3] The "attached case" to which Plaintiff is referring is unclear. There is no "case" attached to the complaint.

[4] Plaintiff also spells Ms. Brownstein's first name as "IlLissa." (*Id.* at 5.)

> month. Right now I requested a payout to me but deny by LISA violeting the law and my 14 Amendment of the constitution of United states.

(*Id.*)

As relief, Plaintiff states that he wants Defendants to "stop reporting evil against me at the community environment and society and let all the police officers and the fire officers impliment righteousness and stop lieing against me to the society where I live." (*Id.*)

In the section of the complaint form relating to exhaustion of administrative grievance procedures,[5] he references suing "Officer Gambia and the office bolys" for "lieing against" him and "reporting all sources of evil against for doing nothing saying that I blow people head for living" while Plaintiff was held in the Pamunkey Regional Jail in Virginia.[6] (*Id.* at 6.)

In a handwritten attachment to the complaint, Plaintiff "[r]eques[s] the [s]ueing" of an individual called "'Priest' Hawking at Gunhill Road and White Plain Road by the 2 and 5 Train" who was "[v]ending" without a vending license, driver's license, "working [d]ocument," or Green Card." (*Id.* at 11.) Hawking punched Plaintiff in the chest when Plaintiff told him "to do the [r]ight [t]hing." (*Id.*)

The attached documents also accuse the New York City Police Department and the New York City Fire Department of harassing Plaintiff "every[w]here] in the [s]ociety and the community" and telling people that he is a thief. (*Id.* at 13.) He further alleges that the Fire Department has "put[] [him] in their fire systems" even though there is "no judgment on this ground." (*Id.* at 14.)

---

[5] Because Plaintiff was not incarcerated at the time he filed the complaint, the section of the complaint form pertaining to exhaustion of administrative grievance procedures does not apply to him.

[6] Plaintiff does not list Officer Gambia as a defendant in this action and none of the other events described in his complaint are alleged to have occurred in Virginia.

## DISCUSSION

Plaintiff appears to attempt to assert claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. (*See* ECF 1, at 3.) Because Plaintiff is suing local officials, rather than federal officials, his federal claims for relief arise under Section 1983. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [Section 1983].") To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A. Private Defendants

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25

(1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983).

As Defendants Arrow Security, Securitas Security, Garrison Protective Services, and Plaintiff's former attorney Brownstein are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983.

Even if Plaintiff had alleged facts suggesting that the security companies could be considered state actors for purposes of Section 1983, his current complaint would still fail to state a claim against these defendants. To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). Plaintiff does not allege any facts showing how Arrow Security, Securitas Security, and Garrison Protective Services were personally involved in the events underlying his claims. In fact, the complaint includes no allegations concerning any of these defendants.

For these reasons, the Court dismisses Plaintiff's claims against Arrow Security, Securitas Security, Garrison Protective Services, and Brownstein for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Hodgens and Sewell**

To the extent Plaintiff is asserting claims against Hodgens and Sewell in their individual capacities, those claims are also dismissed because Plaintiff alleges no facts suggesting they were personally and directly involved in the events giving rise to his claims. Like the security companies discussed above, Plaintiff mentions neither Hodgens nor Sewell in his allegations. Plaintiff therefore fails to state a claim on which relief may be granted against Hodgens and Sewell in their individual capacities. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead in an amended complaint any individual-capacity claims he may have against Hodgens and Sewell.

To the extent Plaintiff is asserting claims against Hodgens and Sewell in their official capacities, the Court construes those claims as being asserted against the City of New York. *See, e.g.*, *Nassau Cnty. Emp. "L" v. Cnty. of Nassau*, 345 F. Supp. 2d 293, 298 (E.D.N.Y. 2004) (noting that "[a] claim against a municipal employee in his or her official capacity may be treated as an action against the municipality itself" (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991))). When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell*

*v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges no facts suggesting that the City of New York has a policy, practice, or custom that has caused a violation of his constitutional rights. Plaintiff therefore fails to state a claim under Section 1983 against Defendants Hodgens and Sewell in their official capacities. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to file replead in an amended complaint any claims he may have against the City of New York or against Hodges and Sewell in their official capacities.

**C. Claims under State Law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Based on the allegations in the complaint, it is unclear what, if any, Section 1983 claims Plaintiff may be able to state against Sewell and Hodgens in their individual or official capacity. In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 30 days' leave to replead his claims against these defendants in an amended complaint. Plaintiff's amended complaint should be limited to his claims against these defendants arising from the events described in the original complaint, and he should only submit an amended complaint if he believes he can allege facts suggesting that these defendants violated his federal constitutional rights.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint. Plaintiff must submit any amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-5179 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 7, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

**-against-**

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

Jury Trial: ☐ Yes ☐ No
(check one)

**___ Civ. _________ (   )**

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I. Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's Name___________________________________________________________
ID#______________________________________________________________________
Current Institution_________________________________________________________
Address__________________________________________________________________
_________________________________________________________________________

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1 Name ___________________________________________ Shield #_________
Where Currently Employed ___________________________________________
Address _____________________________________________________________
____________________________________________________________________

Defendant No. 2 Name ______________________________________________ Shield #_________
Where Currently Employed ____________________________________________
Address ______________________________________________________________
______________________________________________________________________

Defendant No. 3 Name ______________________________________________ Shield #_________
Where Currently Employed ____________________________________________
Address ______________________________________________________________
______________________________________________________________________

**Who did what?**

Defendant No. 4 Name ______________________________________________ Shield #_________
Where Currently Employed ____________________________________________
Address ______________________________________________________________
______________________________________________________________________

Defendant No. 5 Name ______________________________________________ Shield #_________
Where Currently Employed ____________________________________________
Address ______________________________________________________________
______________________________________________________________________

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?

______________________________________________________________________
______________________________________________________________________

B. Where in the institution did the events giving rise to your claim(s) occur?

______________________________________________________________________

C. What date and approximate time did the events giving rise to your claim(s) occur?

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

D. Facts:_______________________________________________________________

**What happened to you?**

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________

**Was anyone else involved?**

**Who else saw what happened?**

**III. Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________

**IV. Exhaustion of Administrative Remedies**:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_______________________________________________________________________________

_______________________________________________________________________________

_______________________________________________________________________________

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____ No ____ Do Not Know ____

If YES, which claim(s)?

_________________________________________________________________________

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_________________________________________________________________________

1. Which claim(s) in this complaint did you grieve?

_________________________________________________________________________

_________________________________________________________________________

2. What was the result, if any?

_________________________________________________________________________

_________________________________________________________________________

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

_________________________________________________________________________

_________________________________________________________________________

_________________________________________________________________________

_________________________________________________________________________

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

___________________________________________________________________

___________________________________________________________________

___________________________________________________________________

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V. Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). ______________________________

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

**VI. Previous lawsuits:**

**On these claims**

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No ____

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff ______________________________________________
Defendants ______________________________________________

2. Court (if federal court, name the district; if state court, name the county) ________________
______________________________________________________________________

3. Docket or Index number ______________________________________________

4. Name of Judge assigned to your case______________________________________________

5. Approximate date of filing lawsuit ______________________________________________

6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition____________________________________

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ________________________________
______________________________________________________________________
______________________________________________________________________

**On other claims**

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____ No ____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff ______________________________________________
Defendants ______________________________________________

2. Court (if federal court, name the district; if state court, name the county) ___________
______________________________________________________________________

3. Docket or Index number ______________________________________________

4. Name of Judge assigned to your case______________________________________________

5. Approximate date of filing lawsuit ______________________________________________

6. Is the case still pending? Yes ____ No ____
   If NO, give the approximate date of disposition_________________________________

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ______________________________
   _________________________________________________________________________
   _________________________________________________________________________

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of ______________, 20__.

Signature of Plaintiff _____________________________________

Inmate Number _____________________________________

Institution Address _____________________________________

_____________________________________

_____________________________________

_____________________________________

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _________________, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____________________________________